```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA             :

                                     :

   v.                           :   Criminal No. DKC 13-0204-3

                                     :

JEFFREY BERRY                        :

**MEMORANDUM OPINION AND ORDER**

Mr. Berry filed letters requesting the appointment of counsel to help him file a compassionate release motion. (ECF Nos. 251, 258, and 260). He reports his apprehension that he may contract the COVID-19 virus and notes that he is highly susceptible because of his age, race, and underlying medical conditions.

Assistant Federal Public Defender Derrow submitted correspondence to the court on August 11, 2020, advising that the office of the Federal Public Defender will not be supplementing Mr. Berry's motion. (ECF No. 256). Mr. Berry subsequently submitted a supplement on October 9, 2020 (ECF No. 258) and a supplement on January 11, 2021 with related medical information to support a motion for compassionate release (ECF No. 260).

Mr. Berry is currently serving a 15 year sentence as a result of his convictions for conspiracy to distribute and possession with intent to distribute controlled substances and possession of firearms after a felony conviction. According to the BOP website,

his current projected release date is February 4, 2026. For the following reasons, Mr. Berry's requests for the appointment of counsel and for compassionate release will be denied.

There is no general right to representation in post-conviction proceedings. There is likewise no statutory right to the appointment of counsel in bringing a § 3582(c) motion. *United States v. Rodriguez*, Crim. Action. No. 2:10-CR-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015). In this case, Mr. Berry's requests for the appointment of counsel do not present a complicated or unresolved legal question and the appointment of an attorney would not have remedied the outcome.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> \*   \*   \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The requirement to exhaust administrative remedies requires, first, that the prisoner direct a request to the warden to bring a motion on his behalf.  Whether a question of subject matter jurisdictional or mandatory claims processing, it must be satisfied.  *See, United States v. Alam*, 960 F.3d 831, 832-35 (6th Cir. 2020).  Mr. Berry's supplement received January 11, 2021, includes a copy of the warden's denial of his request for reduction in sentence. (ECF No. 260-1 p. 3).

The seriousness of the offense conduct and his criminal history are simply not offset by his medical condition, the current COVID-19 public health situation, and his conduct while in prison. The goals of punishment, deterrence, and protecting the public would not be served by so drastic a sentence reduction.

Accordingly, Mr. Berry's requests for the appointment of counsel and motion for compassionate release (ECF Nos. 251, 258, and 260) BE, and the same hereby ARE, DENIED.

January 19, 2021                         /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge